Eastern District of Kentucky
**FILED**
OCT 2 5 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-141-KSF

JOHN F. COOLEY, *et al.*                                                     PLAINTIFFS

V.                        **OPINION & ORDER**

UNIQUE VACATIONS, INC.                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion for summary judgment [DE #16].

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

In early 2003, plaintiffs John F. Cooley and Barbara Cooley were guests at the Sandals Dunn's River Resort and Spa ("Sandals Resort") in Jamaica. The plaintiffs allege that on April 1, 2003, Mr. Cooley slipped and fell on the wet tile floor of the balcony of their guest room, resulting in injuries to his shoulder and back.

The plaintiffs filed this negligence action against defendant Unique Vacations, Inc. ("Unique"), asserting that Unique allowed an unreasonably dangerous condition to exist on the balcony – i.e., that the tiles were unreasonably slippery and that no warnings were posted.

## II.   MOTION FOR SUMMARY JUDGMENT

### A.   Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

### B.   Duty of Unique to the Plaintiffs

The defendant first argues that it did not owe a duty of care to the plaintiffs. The defendant did not and has never owned, managed, or operated the Sandals Resort. There is also no evidence that the defendant in any way controlled the operations of the Sandals Resort. The

plaintiffs respond that the defendant is the exclusive reservations and marketing representative for the Sandals Resort. The defendant's sole function is to increase the occupancy levels of the hotels it represents and increase their profitability. Because anyone in the United States who vacations at Sandals Resort does so solely because of the efforts of the defendant, the defendant should vouch for and be liable for the negligence of its business partner.

In a negligence action under Kentucky law, a plaintiff must prove: "(1) a duty on the part of the defendant; (2) a breach of the duty; and (3) a causal connection between the breach and an injury suffered by the plaintiff." Grisham v. Wal-Mart Stores, Inc., 929 F.Supp. 1054, 1056 (E.D. Ky. 1995) (citing Mullins v. Commonwealth Life Ins. Co., 839 S.W.2d 245, 247 (Ky. 1992)). Further, "the absence of any one of the three elements is fatal to the claim." M & T Chemicals, Inc. v. Westrick, 525 S.W.2d 740, 741 (Ky. 1974).

The central question is whether the defendant owed any duty of care to the plaintiffs. The plaintiffs have not alleged any action on the part of the defendant that created a risk of harm to them. The only action taken by the defendant with respect to the plaintiffs was to market and make reservations for them at the Sandals Resort (although the defendant disputes that the plaintiffs' reservations were made through Unique). The plaintiffs do not explain how these actions created any risk of harm.

The plaintiffs also fail to explain how the defendant is responsible for any action or inaction by Sandals Resort. "As a general rule, an actor whose own conduct has not created a risk of harm has no duty to control the conduct of a third person to prevent him from causing harm to another." Grand Aerie Fraternal Order of Eagles v. Carneyhan, 169 S.W.3d 840, 849 (Ky. 2005). The Sandals Resort must be considered a "third person" in this analysis, as the

defendant did not have any ownership, control, or management duties with respect to the Sandals Resort. It is true that Kentucky courts have imposed a duty of care when there is a special relationship between the defendant and the person causing the harm.

> The first type [of such claim], which can be labeled "negligent failure to warn," is generally premised upon the defendant's "enhanced ability to observe the conditions under which [the person causing the harm] might be expected to be especially dangerous...." *Div. of Corr. v. Neakok*, 721 P.2d 1121, 1126 (Alaska 1986). The most common applications of this theory of liability occur within the contexts of the state/parolee relationship, *id.*, and the psychotherapist/patient relationship, *Tarasoff*, 131 Cal.Rptr. 14, 551 P.2d at 344 ("[B]y entering into a doctor-patient relationship the therapist becomes sufficiently involved to assume some responsibility for the safety, not only of the patient himself, but also of any third person whom the doctor knows to be threatened by the patient.") (quoting John G. Fleming & Bruce Maximov, *The Patient or His Victim: The Therapist's Dilemma*, 62 Cal. L.Rev. 1025, 1030 (1974)).

Id. at 850-51. Although the plaintiffs allege that the defendant negligently failed to warn them about the particularly slippery tiles, they have not alleged that the defendant had an "enhanced ability to observe the conditions under which [the Sandals Resort or the tiles themselves] might be expected to be especially dangerous . . . ." Without this enhanced ability, there is no special relationship and no liability for negligence.

A second category of special relationship that gives rise to a duty of care under Kentucky law is a "negligent failure to control" claim. With this type of claim,

> the alleged tortfeasor's *ability to control* the person causing the harm assumes primary importance. *See Poncher v. Brackett*, 246 Cal.App.2d 769, 55 Cal.Rptr. 59, 61 (1966) ("[T]he absence of such ability is fatal to a claim of legal responsibility."); *Lundgren v. Fultz*, 354 N.W.2d 25, 27 (Minn.1984) ("Implicit in the duty to control is the *ability* to control."); *Grover v. Stechel*, 132 N.M. 140, 45 P.3d 80, 84 (Ct.App.2002) ("In order to create a duty based on a special relationship, the relationship must include the right or ability to control another's conduct.") . . . .

Id. at 851 (emphasis in original). The only relationship between the defendant and the Sandals Resort is a contractual one and the plaintiffs have failed to show how this limited contractual relationship creates a duty of care as between them and the defendant. There is no allegation that the defendant has any actual ability to control the Sandals Resort. There is no allegation that any control the defendant *might* have over the Sandals Resort, if exercised, would have meaningfully reduced the risk of the harm that actually occurred. In conclusion, the Court finds that the limited contractual relationship between the defendant and the Sandals Resort "should [not] be included within the class of special relationships giving rise to an affirmative duty of control . . . ." Id. at 850.

### C. Proximate Causation

The defendant further argues that even if it owed some duty of care to the plaintiffs, they are unable to show that the defendant breached such duty and that any such breach was the proximate cause of the plaintiff's injuries. The Court agrees.

Under Kentucky law, in order to be the legal cause of another's harm, the defendant's actions must have been a "substantial factor" in bringing about the harm:

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent.... [T]his is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

Pathways, Inc. v. Harmon, 113 S.W.3d 85, 92 (Ky. 2003) (quoting Restatement (2d) of Torts §

431 cmt. a). In the present case, the defendant's marketing and reservations service was, at best, a cause in the so-called "philosophic sense" in that it may have "caused" the plaintiffs to vacation at the Sandals Resort, but can in no way be considered a substantial factor in bringing about the plaintiff's injuries.

### III. CONCLUSION

Based on the above, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

    (1)    the defendant's motion for summary judgment [DE #16] is GRANTED; and

    (2)    judgment shall be entered separately in favor of the defendant.

This 25th day of October, 2005.

*KSF*

KARL S. FORESTER, SENIOR JUDGE